**United States District Court**
For the Northern District of California

E-FILED on   5/31/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIA KAN HU,<br><br>                Plaintiff,<br><br>        v.<br><br>GREGORY E. LAFFEN,<br><br>                Defendant. | No. C-12-01679 RMW<br><br>ORDER GRANTING MOTION TO REMAND<br><br>**[Re Docket No. 11]** |

Plaintiff moves to remand this case to Santa Clara County Superior Court.  Defendant has not filed an opposition, nor did he respond to plaintiff's earlier motion to remand filed on April 17, 2012. By this court's previous order, the motion is submitted on the papers without oral argument. *See* Dkt. No. 13.  Having considered plaintiff's motion and the record in this case, the court grants the motion to remand.

## ANALYSIS

Plaintiff Chia Kan Hu initiated this case by filing a complaint for unlawful detainer in Santa Clara County Superior Court on March 5, 2012.  Defendant Gregory E. Laffen, the only named defendant, removed the case to this court on April 4, 2012.  Plaintiff now moves to remand on the grounds that the court lacks jurisdiction over an unlawful detainer action.

ORDER GRANTING MOTION TO REMAND—No. C-12-01679 RMW
LJP

**United States District Court**
For the Northern District of California

1      Defendant's notice of removal asserts that this court has removal jurisdiction because "[t]he

2   complaint presents federal questions."  Dkt. No. 1 at 2:13-16.  However, plaintiff's complaint states

3   only a claim for unlawful detainer and is not based upon any federal statute.  Dkt. No. 11-1, Exh. 1.

4   Defendant asserts that he raised a federal defense in his demurrer: that the notice to quit failed to

5   comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.  Dkt. No. 1 at 2:23-26.

6   But, contrary to defendant's contention, *id.* at 3:1-3, a demurrer is not a pleading upon which federal

7   question jurisdiction can be based.  Rather, "federal question jurisdiction exists only when a federal

8   question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions*

9   *Bank of La.*, 522 U.S. 470, 475 (1998).  "[T]he existence of a defense based upon federal law is

10  insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th

11  Cir. 2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983))).

12  Thus, defendant's removal of this case on the basis of federal question jurisdiction was improper.

13      Nor does there appear to be any other basis for removal.  The complaint alleges that the

14  amount in controversy does not exceed $10,000, which is well below the threshold for diversity

15  jurisdiction. *See Deutsche Bank Nat'l Trust Co. v. De Guzman*, 2011 U.S. Dist. LEXIS 114424 at \*3

16  (E.D. Cal. 2011) ("In unlawful detainer cases, the right to possession — not title to the property — is

17  at issue, and thus the amount in controversy is determined by the damages sought by the

18  Complaint." (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977))).  Moreover, even if

19  diversity jurisdiction existed, it appears that defendant is a citizen of California, so the case could

20  not be removed on that basis. *See* 28 U.S.C. § 1441(b)(2) (an action removable solely on the basis

21  of diversity jurisdiction may not be removed if any of the defendants is a citizen of the state in which

22  such action is brought).

23                                              **ORDER**

24      For the foregoing reasons, the case is remanded to the Superior Court of California for the

25  County of Santa Clara.

26

27  DATED:      May 31, 2012

28  _____
                                        RONALD M. WHYTE
                                        United States District Judge

ORDER GRANTING MOTION TO REMAND—No. C-12-01679 RMW
LJP                                         2