**E-FILED on** 5/31/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIA KAN HU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY E. LAFFEN,<br><br>　　　　Defendant. | No. C-12-01679 RMW<br><br>ORDER GRANTING MOTION TO REMAND<br><br>**[Re Docket No. 11]** |

Plaintiff moves to remand this case to Santa Clara County Superior Court. Defendant has not filed an opposition, nor did he respond to plaintiff's earlier motion to remand filed on April 17, 2012. By this court's previous order, the motion is submitted on the papers without oral argument. *See* Dkt. No. 13. Having considered plaintiff's motion and the record in this case, the court grants the motion to remand.

**ANALYSIS**

Plaintiff Chia Kan Hu initiated this case by filing a complaint for unlawful detainer in Santa Clara County Superior Court on March 5, 2012. Defendant Gregory E. Laffen, the only named defendant, removed the case to this court on April 4, 2012. Plaintiff now moves to remand on the grounds that the court lacks jurisdiction over an unlawful detainer action.

ORDER GRANTING MOTION TO REMAND—No. C-12-01679 RMW
LJP

1  Defendant's notice of removal asserts that this court has removal jurisdiction because "[t]he
2  complaint presents federal questions."  Dkt. No. 1 at 2:13-16.  However, plaintiff's complaint states
3  only a claim for unlawful detainer and is not based upon any federal statute.  Dkt. No. 11-1, Exh. 1.
4  Defendant asserts that he raised a federal defense in his demurrer: that the notice to quit failed to
5  comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.  Dkt. No. 1 at 2:23-26.
6  But, contrary to defendant's contention, *id.* at 3:1-3, a demurrer is not a pleading upon which federal
7  question jurisdiction can be based.  Rather, "federal question jurisdiction exists only when a federal
8  question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions*
9  *Bank of La.*, 522 U.S. 470, 475 (1998).  "[T]he existence of a defense based upon federal law is
10 insufficient to support jurisdiction."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th
11 Cir. 2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983))).
12 Thus, defendant's removal of this case on the basis of federal question jurisdiction was improper.

13 Nor does there appear to be any other basis for removal.  The complaint alleges that the
14 amount in controversy does not exceed $10,000, which is well below the threshold for diversity
15 jurisdiction.  *See Deutsche Bank Nat'l Trust Co. v. De Guzman*, 2011 U.S. Dist. LEXIS 114424 at *3
16 (E.D. Cal. 2011) ("In unlawful detainer cases, the right to possession — not title to the property — is
17 at issue, and thus the amount in controversy is determined by the damages sought by the
18 Complaint." (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977))).  Moreover, even if
19 diversity jurisdiction existed, it appears that defendant is a citizen of California, so the case could
20 not be removed on that basis.  *See* 28 U.S.C. § 1441(b)(2) (an action removable solely on the basis
21 of diversity jurisdiction may not be removed if any of the defendants is a citizen of the state in which
22 such action is brought).

**ORDER**

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of Santa Clara.

DATED:     May 31, 2012

_/s/ Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge